```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           OCALA DIVISION
```

TIMOTHY BRADLEY,

        Petitioner,

v.                                 Case No: 5:16-cv-97-Oc-34PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

        Respondents.
_____

## **ORDER**

### **I. Status**

Petitioner Timothy Bradley, an inmate in the Florida penal system, initiated this action on February 15, 2016,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Bradley challenges a 2010 state court (Lake County, Florida) judgment of conviction for strong-arm robbery. Bradley raises five grounds for relief. See Doc. 1 at 5-17.[2] Respondents have submitted a motion to dismiss the Petition, see Response to Petition (Response; Doc. 12) with an Appendix (Appendix; Doc. 13). Bradley submitted a reply on September 15, 2016. See Petitioner's Response to Respondent's

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

Response to Petition. (Reply; Doc. 16). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. The United States Supreme Court explained:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[3] and House,[4] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S. at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851.

Id. at 386-87.

Respondents contend that this action is untimely. Response at 9-12. In his Reply, Bradley states that he has no control over

---

[3] Schlup v. Delo, 513 U.S. 298 (1995).
[4] House v. Bell, 547 U.S. 518 (2006).

3

Institutional transfers and that he has had eye surgery and mental health problems. Reply at 1. According to Bradley, he had to rely on institutional law clerks to help him with research and was unable to get this assistance while he was in transit between institutions. Id. at 1-2. He further claims that he could not file in this Court "until he finally exhausted all of his State remedies…"[5] Id. at 2. The following procedural history is relevant to the one-year limitations issue.

On November 17, 2009, by way of Information, the State of Florida charged Bradley with strong-arm robbery. App. Ex. A at 1. Bradley proceeded to a jury trial in March of 2010, at the conclusion of which, on March 31, 2010, the jury found him guilty of strong-arm robbery. App. Ex. E at 1. On May 20, 2010, the circuit court sentenced Bradley as a habitual violent felony offender to a forty-year term of incarceration, with a thirty-year minimum mandatory. App. Ex. G at 1-5. On August 16, 2011, Florida's Fifth District Court of Appeal (Fifth DCA) per curiam affirmed Bradley's conviction and sentence, finding "[a]ny error was harmless." App. Ex. N at 1. The Fifth DCA issued the Mandate on September 7, 2011. App. Ex. O at 1.

---

[5] In his Reply Petitioner requests dismissal of his Petition "so that Petitioner can raised [sic] Ground Three (3) in the Circuit Court, so that Petitioner can exhaust this Ground." Doc. 16 at 3. Because the Court finds that the Petition is untimely, dismissing the Petition to allow Petitioner to attempt to exhaust a claim will not cure the timeliness issue.

4

As Bradley's judgment of conviction and sentence became final after the effective date of AEDPA, the one-year limitations period in Bradley's case began to run on November 14, 2011, and expired on November 14, 2012. See Chavers v. Sec'y. Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (One-year statute of limitations established by AEDPA began to run ninety days after Florida appellate court affirmed habeas petitioner's conviction). Accordingly, Bradley's Petition filed on February 15, 2016, is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

On March 21, 2012, 128 days[6] after the one-year limitations period began to run, Bradley filed his first motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 Motion). App. Ex. P. On April 4, 2012, the circuit court entered an order striking the Rule 3.850 Motion as legally insufficient and giving Bradley leave to amend within 30 days of its order. App. Ex. Q at 1. Bradley did not appeal the order or file an amended motion and the limitations period restarted on May 5, 2012, the first day after the deadline for him to file his amended motion.

On July 30, 2012, 86 days after the one-year limitations period began to run again, Bradley filed an amended motion for

---

[6] 2012 was a leap year.

postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Amended Rule 3.850 Motion). App. Ex. R. On June 19, 2013, the circuit court denied Bradley's motion. App. Ex. Y. On appeal, the Fifth DCA affirmed the denial in part, reversed it in part, and remanded the case to the circuit court for an evidentiary hearing. App. Ex. HH. The circuit court conducted an evidentiary hearing on February 6, 2014. App. Ex. JJ. Thereafter, on February 12, 2014, the circuit court entered an order denying the Amended Rule 3.850 Motion. App. Ex. KK. Bradley did not timely file an appeal.

On August 14, 2013, while the Amended Rule 3.850 Motion was pending, Bradley filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). App. Ex. AAA. The circuit court entered an order denying Bradley's motion on September 24, 2013. App. Ex. BBB. On March 4, 2014, the Fifth DCA per curiam affirmed the denial without a written opinion, see App. Ex. FFF, and issued the Mandate on March 28, 2014, see App. Ex. GGG. Therefore, the limitations period began to run again.

On June 19, 2014, Bradley filed a petition for belated appeal seeking leave to file a belated appeal from the February 12, 2014 order denying his Amended Rule 3.850 Motion. App. Ex. LL. The Fifth DCA denied the petition without prejudice on July 24, 2014. App. Ex. NN. Notably, a petition for belated appeal of a Rule 3.850 motion is not an application for "collateral review" and does not

toll the statute of limitations. Espinosa v. Sec'y, Dep't of Corrs., 804 F.3d 1137, 1141 (11th Cir. 2015). Therefore, the Petition for Belated Appeal, App. Ex. LL, did not toll the limitations period.

On or around July 1, 2014,[7] 95 days after the limitations period restarted, Bradley filed a petition for writ of habeas corpus. App. Ex. HHH. The circuit court entered an order dismissing the petition on July 10, 2014. App. Ex. III. Bradley did not timely appeal. Therefore, the limitations period restarted on August 11, 2014,[8] and continued running without being tolled until it expired on October 6, 2014.

After the expiration of the one-year limitations period, on February 16, 2015, Bradley filed a pro se petition seeking a belated appeal of the circuit court's denial of his Amended Rule 3.850 Motion. See App. Ex. OO. The Fifth DCA granted Bradley a belated appeal on April 17, 2015. App. Ex. RR. On appeal, the Fifth DCA per curiam affirmed the denial of Bradley's Amended Rule 3.850 Motion on December 22, 2015, see App. Ex. WW, and issued the

---

[7] The copy of the petition for writ of habeas corpus attached to the Response is unsigned and undated. See App. Ex. HHH. The circuit court's order dismissing the petition does not reference its filing date. See App. Ex. III. However, Bradley filed a petition for a belated appeal of the circuit court's order dismissing his petition for writ of habeas corpus on March 9, 2015, in which he states that he filed the petition "[o]n July of 2014". See App. Ex. JJJ at 1. The Court gives him the benefit of assuming he filed it on the first day of July.

[8] The thirtieth day fell on Saturday, August 9, 2014.

7

Mandate on January 14, 2016, see App. Ex. XX. Bradley filed a motion to recall mandate and for enlargement of time on January 19, 2016. App. Ex. YY. The Fifth DCA denied the motion on January 26, 2016. App. Ex. ZZ.

To toll the one-year limitations period under § 2244(d)(2), a proceeding must be a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." Espinosa, 804 F.3d at 1140 (quoting 28 U.S.C. § 2244(d)(2)). Despite the granting of Bradley's petition for belated appeal, the petition was filed after the one-year limitations period had expired. The Eleventh Circuit has addressed whether a petition for belated appeal (filed after the one-year limitations period had already expired, and later granted by the state appellate court) could retroactively toll the one-year limitations period. Moore v. Crosby, 321 F.3d 1377, 1379-80 (11th Cir. 2003). The Court stated:

> In conclusion, we hold that the petitioner's belated appeal motion was not pending during the limitations period. The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a "properly filed" post-conviction application actually pending in state court. A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition. The plain language of the statute provides for tolling "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). While a "properly filed" application for post-conviction relief tolls the statute of limitations, it does not reset or restart the

8

> statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired....

Id. at 1381; see Mashburn v. Comm'r, Ala. Dep't of Corr., 713 F. App'x 832, 838-49 (11th Cir. 2017). Thus, Bradley's petition for belated appeal filed after the AEDPA limitations had expired "does not operate to revive" an expired AEDPA clock. Id.

With the one-year limitations period having expired on October 6, 2014, none of Bradley's motions filed after October 6, 2014, could toll the limitations period because there was no period remaining to be tolled.[9] See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that, where a state prisoner files post-conviction motions in state court after the AEDPA limitations has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Given the record, Bradley's February 15, 2016 Petition is untimely filed,

---

[9] Bradley filed other motions that did not toll the one-year limitations period because they were filed after the AEDPA limitations period had expired. See App. Exs. JJJ (filed March 9, 2015); RRR (filed April 15, 2015).

9

and due to be dismissed unless Bradley can establish that equitable tolling of the statute of limitations is warranted.

### III. Equitable Tolling

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015), cert. denied, 137 S. Ct. 830 (2017). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017), cert. denied, 138 S. Ct. 1042 (2018). The Eleventh Circuit has emphasized that equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). Importantly, the burden is on Bradley to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations

omitted). Here, Bradley articulates no reasons why he should be entitled to equitable tolling of the federal limitations period. See Lugo v. Sec'y Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (emphasizing a petitioner's burden in establishing entitlement to equitable tolling). Bradley has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Bradley seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Bradley "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED AS UNTIMELY**, and this action is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Bradley appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** in Chambers, this 4th day of February, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

c: Timothy Bradley, #088911
Counsel of Record